FILED
2012 JUN -5 PM 2: 52
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA DAVIS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | SA12CA0560 XR |
| ALAMO COMMUNITY COLLEGE § | |
| DISTRICT, § | |
| Defendant. § | |

### PLAINTIFF, MARIA DAVIS'S, ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Maria Davis, hereinafter called Plaintiff, complaining of and about Alamo Community College District, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Maria Davis, is a citizen of the United States and the State of Texas and resides in Bexar County, Texas.

2. Defendant Alamo Community College District may be served by serving Chancellor Bruce H. Leslie, its officer, at 201 W. Sheridan, San Antonio, TX 78204.

### JURISDICTION

3. The action arises under 28 U.S.C. § 1331 as hereinafter more fully appears

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

### NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

6. This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8. Plaintiff was hired by Defendant Alamo Community College District ("ACCD" hereafter) in November 1995 as an Adjunct Professor.

   a. On July 18, 2000, Plaintiff applied for and was granted, by Defendant, instructor status.

   b. On or about May of 2003, Plaintiff was promoted from Instructor to Assistant Professor.

   c. On or about November, 2005, Plaintiff was recommended for tenure status by her colleagues, with one-hundred percent confirmation. During the Spring of 2006, tenure was granted to Plaintiff by the Board of Trustees of Alamo Community College District on the recommendation of the President of San Antonio College, Robert Zeigler.

    d.    On or about August 22, 2007, Plaintiff was promoted to Associate Professor.

9.    On or about April 30, 2010, Plaintiff filed a charge of discrimination ("first charge" or "first charge of discrimination," hereafter) with the Equal Employment Opportunity Commission ("EEOC," hereafter).

10.    On or about August 25, 2010, Plaintiff withdrew and requested termination of her first charge of discrimination, which was at that time pending before the EEOC, with prejudice. The EEOC thereafter terminated Plaintiff's first charge of discrimination.

11.    After Plaintiff withdrew her claims and first charge, Defendant continued to retaliate and discriminate against Plaintiff.

12.    On or about August 31, 2010, Defendant failed to pay, in full, Plaintiff for her last period of employment. Defendant refused to pay the amount owed until November 15, 2010.

13.    On or around February 2011, Plaintiff received an email from Virtual College of Texas ("VCT" hereafter) indicating that if she was interested in applying for a job they would provide her with an access code. Plaintiff responded to the email asking VCT for more information. Before getting back to Plaintiff, VCT inquired to Defendant about Plaintiff, in fact, asking for Defendant's approval to allow Plaintiff to work for VCT. Defendant effectively would not let VCT consider Plaintiff and caused Plaintiff to lose that job opportunity as well as the opportunity to even apply.

14.    On or about March 1, 2011, Plaintiff sought certain benefits from the Employees' Retirement System of Texas ("ERST" hereafter). As a prerequisite to Plaintiff's entitlement to benefits, ERST asked that Plaintiff get certain information from Defendant. Plaintiff requested from Defendant the information she needed to receive those benefits. Defendant refused to cooperate with

Plaintiff and, by action or inaction, impeded Plaintiff from applying for and receiving those benefits.

15. Additionally, Defendant failed to facilitate reimbursement of Plaintiff for COBRA expenses which should have been paid by ERST as disability retirement benefits. ERST told Plaintiff that she was entitled to full reimbursement. However, Defendant did not provide ERST with the information it needed. Ultimately, ERST, but not Defendant, reimbursed some of the COBRA expenses. Plaintiff was never fully reimbursed for expenditures Plaintiff made toward COBRA.

16. In other instances, Defendant made representations about Plaintiff that were harmful and/or untrue.

   a. Further, in or around March 2011, Defendant falsely accused Plaintiff of screaming at a meeting and referred to Plaintiff as "crazy."

   b. On or around that same time, Defendant falsely communicated to others that Plaintiff was banned from Defendants college facilities.

17. On or around March 2011, Defendant revoked email privileges, which Plaintiff should have been entitled as Professor Emeritus.

18. On the basis of these acts of discrimination and retaliation, Plaintiff filed another charge of discrimination ("second charge" or "second charge of discrimination," hereafter) with the EEOC.

19. A right to sue letter on the second charge was issued and on March 6, 2012, it was signed and mailed. A true and correct copy of the Dismissal and Notice of Rights of the second charge is attached hereto as "Exhibit A".

## RETALIATION

20. By filing a first charge of discrimination and through her participation in the statutory

complaint process, Plaintiff engaged in a protected activity.

21.     Defendant, Alamo Community College District, took adverse actions against Plaintiff, including interfering with Plaintiff's collection of benefits and application for future employment, after she withdrew her first charge of discrimination.

22.     Further, Defendant's adverse actions were taken because of Plaintiff's protected activity.

23.     Thus, Defendant, Alamo Community College District, retaliated against Plaintiff because of her filing a complaint and charge of discrimination with the EEOC.

## AMERICANS WITH DISABILITY ACT

24.     Defendant, Alamo Community College District, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

25.     Defendant, Alamo Community College District, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

26.     At all material times, Plaintiff was able to perform the essential functions of her position with accommodation. Plaintiff has a disability, has a record of a disability and is regarded as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of her disability, record of a disability and perception of having a disability.

27.     Plaintiff alleges that Defendant, Alamo Community College District, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected

rights of Plaintiff.

## SEX DISCRIMINATION

28. Defendant, Alamo Community College District, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

29. Defendant, Alamo Community College District, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

30. Plaintiff alleges that Defendant, Alamo Community College District, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## DAMAGES

31. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

 a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

 b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

 c. All reasonable and necessary costs incurred in pursuit of this suit;

 d. Emotional pain;

- e. Expert fees as the Court deems appropriate;
- f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;
- g. Inconvenience;
- h. Interest;
- i. Loss of enjoyment of life;
- j. Mental anguish in the past;
- k. Mental anguish in the future;
- l. Reasonable medical care and expenses in the past. These expenses were incurred by Maria Davis and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;
- m. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
- n. Loss of earnings in the past;
- o. Loss of earning capacity which will, in all probability, be incurred in the future; and
- p. Loss of benefits.

## EXEMPLARY DAMAGES

32. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

33. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a. Prohibit by injunction the Defendant from engaging in unlawful employment practices;

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maria Davis, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Maria Davis, Pro Se
Maria Davis
Pro Se
60 Bristol Green
San Antonio, TX 78209
Tel. (210) 828-0044

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**